**Carlo VICHI, Plaintiff,**

v.

**KONINKLIJKE PHILIPS ELECTRONICS N.V., LG.Philips Displays Finance LLC, LG.Philips Displays International Ltd., Defendants.**

**C.A. No. 2578–VCP.**

Court of Chancery of Delaware.

Filed: Nov. 28, 2012.

---

54. 10 *Del. C.* § 1902.

1. The Court incorporates by reference the background and abbreviations contained in

---

## ORDER [1]

DONALD F. PARSONS, JR., Vice Chancellor.

Carlo Vichi initiated this action by filing a complaint on November 29, 2009.  On December 18, 2009, Defendant Philips N.V. answered the complaint.  On May 22, 2009, Vichi filed the currently operative complaint in this matter, the Second Amended Complaint (the "Complaint").  On June 6, 2010, Philips N.V. filed its Amended Answer to the Complaint.

On July 24, 2012, in its Opening Brief in Support of Its Motion for Summary Judgment, Philips N.V. raised a new affirmative defense that the choice of law clause in the Notes applied to Vichi's claims and, therefore, Vichi's claims for breach of an oral or implied contract failed under the English statute of frauds.

On August 20, 2012, in his Memorandum in Opposition to Defendant's Motion for Summary Judgment, Vichi objected to Philips N.V. raising this defense so late in the proceedings, and argued that Philips N.V. had waived any statute of frauds defense by failing to plead it in its Answer or Amended Answer or mention it in response to Vichi's contention interrogatories.

On August 23, 2012, Philips N.V. filed a Motion for Leave to File an Amended Answer (the "Motion") seeking leave pur-

the Opinion being entered concurrently with this Order on November 28, 2012.

suant to Court of Chancery Rule 15(a) to serve and file a Second Amended Answer to the Second Amended Complaint that would add the statute of frauds as an affirmative defense (the "Amendment").

On September 14, Vichi opposed that Motion arguing that: (1) the defense would be futile; and (2) the amendment would prejudice Vichi.

Rule 15(a) provides that after the period for filing the initial pleadings has expired, "a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." To defeat a motion to amend, the party opposing the motion must show undue or demonstrable prejudice or bad faith by the moving party.[2] A court also will not grant a motion to amend if the amendment would be futile.[3] A court will not deny a motion to amend on futility grounds, however, unless it appears with "reasonable certainty" that the moving party "could prevail on no set of facts that can be inferred from the pleadings."[4]

In determining whether Vichi will be prejudiced by the Amendment, I have considered the following facts, among others:

1. On May 9, 2012, in Philips N.V.'s Supplemental Responses and Objections to Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents, Philips N.V. stated that Vichi's claims were barred by the fully integrated agreements executed in connection with the Notes Transaction.

2. On July 23, 2012, Philips N.V. served Vichi with the report of its English law expert, which discusses, among other things, whether certain of Vichi's claims are barred by the English statute of frauds. This report provided Vichi with indisputable notice of the affirmative defense.

3. Vichi's claims in this litigation have evolved over time in response to prior rulings of this Court and discovery. Those claims are unusually complicated because they involve the laws of multiple foreign countries, as well as Delaware law.

4. The English statute of frauds defense Philips N.V. seeks to add is primarily legal in nature. Apart from possible issues of English law, it involves very few, if any, disputed issues of fact.

5. The additional costs Vichi incurred from deposing Philips N.V.'s English law expert have nothing to do with the timing of the proposed Amendment. They also are de minimis in the context of the staggering expense of this litigation.

6. Both parties have submitted expert reports on Philips N.V.'s affirmative defense based on the English statute of frauds.

7. Both parties also briefed the merits of the affirmative defense in connection with Philips N.V.'s motion for summary judgment.

In determining whether Philips N.V.'s argument is futile, I also considered the following additional facts:

1. The Notes contained a choice of law provision specifying that the agreements are to be "governed by, and

---

**2.** *Gotham P'rs v. Hallwood Realty*, 1999 WL 1022069, at *2 (Del.Ch. Oct. 18, 1999).

**3.** *Zimmerman v. Braddock*, 2005 WL 2266566, at *6 (Del.Ch. Sept. 8, 2005).

**4.** *St. James Recreation, LLC v. Rieger Opportunity P'rs, LLC*, 2003 WL 22659875, at *5 (Del. Ch. Nov. 5, 2003).

shall be construed in accordance with English law."

2. Philips N.V. presented expert testimony that "where a contract is governed by English Law, claims which are closely connected with that contract, are also governed by English law."

3. Philips N.V. also presented expert testimony regarding the formal requirements of Section 4 of the Statute of Frauds of 1677.

Having carefully considered the foregoing facts, the record before the Court, and the parties' briefing on the Motion, I find that Philips N.V.'s proposed affirmative defense is not futile and that Vichi will not be unduly prejudiced by the Amendment.

Therefore, it is hereby ordered, this 28th day of November, 2012, that Philips N.V.'s Motion is GRANTED. Philips N.V. is permitted promptly to file and serve a second amended answer in the form attached as Exhibit A to its Motion.